NO. 07-04-0044-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 25, 2005

_____

ANDREW PAUL JIMENEZ, JR., AKA FRANCISCO CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15, 316-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Andrew Paul Jimenez, Jr., aka Francisco Castillo, was convicted by a jury of aggravated assault on a public servant with a deadly weapon and sentenced to 30 years confinement. By three points of error, appellant

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

contends (1) the trial court abused its discretion and denied him a fair trial by permitting the State to use an extraneous offense to show motive for the offense charged, (2) the evidence does not sustain a finding of guilty of use of a deadly weapon capable of causing death or serious bodily injury, and (3) the trial court's finding that he exhibited a deadly weapon during the commission of the offense is legally insufficient. We affirm.

Officer Robert Gabel was injured when appellant bit his right index finger while attempting to evade arrest. The injury occurred as Officer Gabel responded to a call in which appellant was found sleeping behind the wheel of an illegally parked vehicle. After confronting appellant and requesting identification, Officer Gabel decided to conduct a pat-down search of appellant's person. He immediately discovered a suspicious bulge in appellant's front right pocket and asked him to remove the item from his pocket for inspection. As he complied, a cellophane bag containing a pink, powdery substance fell to the ground. Officer Gabel then asked appellant to hand him the bag. However, appellant would not cooperate, and the two men began to struggle.

At some point during the struggle, appellant bit down on Officer Gabel's finger causing it to bleed profusely. Despite the severe laceration on his finger, Officer Gabel was able to subdue appellant until backup arrived. Appellant was arrested and charged with aggravated assault on a public servant with his teeth as a deadly weapon.

By his first point of error, appellant contends the trial court abused its discretion and denied him a fair trial by allowing the State to introduce evidence he possessed amphetamine at the time of the offense. We disagree.

Although the trial court granted appellant's motion in limine to exclude evidence of extraneous offenses, multiple references were made to appellant's possession of the pink, powdery substance, later determined to be amphetamine, at the time of his arrest. Appellant requested the evidence be excluded from the video recording of the incident and objected when the video was published to the jury. He also objected to the chemist's lab report identifying the substance as amphetamine. However, he failed to object to the same evidence when it was brought to the attention of the jury during the State's direct examination of Officer Donna Hill. Furthermore, appellant invited any error when he discussed the evidence during cross-examination of Officer Gabel and testified to his use of "meth" prior to the offense. *See* Prystash v. State, 3 S.W.3d 522, 531 (Tex.Cr.App. 1999).

A defendant who allows evidence to be introduced from one source without objection waives any subsequent complaints about the introduction of the same evidence from another source at trial. *See, e.g.*, Reyes v. State, 84 S.W.3d 633, 638 (Tex.Cr.App. 2002). Despite the errors alleged by appellant, evidence regarding the amphetamine in his possession at the time of the offense was presented to the jury multiple times without objection. Accordingly, appellant's first point of error is overruled.

By his second and third points, appellant claims the evidence does not sustain and is legally insufficient to sustain the jury's verdict that his teeth constituted a deadly weapon.[2] We disagree.

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).  This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996).  We must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove.  A defendant commits aggravated assault if he (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during the commission of an assault.  Tex. Pen. Code Ann. § 22.02(a) (Vernon Supp. 2004-05).  The Penal Code defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."  *Id.* at §1.07(a)(17)(B).  Serious bodily injury is defined as "bodily

---

[2]By his second point, appellant argues the evidence does not sustain his conviction; however, by his argument and the legal authorities cited, he only raises legal sufficiency. Thus, we only review his legal sufficiency contention.  *See* Tex. R. App. P. 38.1(h).

4

injury that creates a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at (46).

Among other definitions contained in the charge of the court, the trial court instructed the jury as follows:

> "Deadly weapon" means anything that in the manner of its use or intended use is capable of cause death or serious bodily injury;"
>
> "Bodily injury" means physical pain, illness, or any impairment of physical condition;" and
>
> "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss of impairment of the function of a bodily member or organ."

Citing various authority, appellant contends although a painful wound was inflicted, his teeth did not cause serious bodily injury as contemplated by the statute. Also, appellant argues he did not intend to cause the officer's death, and that teeth are not commonly considered as a weapon used to cause death or serious injury. On the other hand, Officer Gabel testified that the injury was "debilitating" because, for an extended period of time, he could not properly use his police equipment or perform ordinary tasks such as buttoning a shirt. At the time of trial, he also testified that he continued to experiences pain and numbness in the injured finger and was unable to fire his service revolver in the same manner as before. In addition, the treating physician testified that a human bite and wound to the olfficer was especially vulnerable to infection and, in his opinion, appellant's teeth were capable of causing serious bodily injury.

Considering the applicable definitions given to the jury, we conclude the evidence was sufficient to enable a rational juror to conclude appellant's teeth were capable of causing serious bodily injury and that they constituted a deadly weapon. Appellant's second and third points are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.